IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE GREEN,

                Petitioner,                Case No. 3:08 CV 681

      -vs-

                                          MEMORANDUM  OPINION

UNITED STATES OF AMERICA,

                Respondent.

KATZ, J.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. 11), and Petitioner's objections to the R&R (Doc. 14).  The Magistrate Judge recommended that the Court deny Petitioner's petition for writ of habeas corpus. For the reasons below, the Court now adopts the Magistrate's R&R in full, and denies the petition.

## I. Background

The Court hereby adopts the Magistrate's description of the procedural background of this case as set forward in the R&R, with minor corrections:

### PROCEDURAL BACKGROUND

The March 2003 Grand Jury in the Western District of New York indicted Petitioner as follows:

1. Count One:      Conspiracy to commit offenses against the United States, namely   to possess and distribute a Schedule II controlled substance, in violation of Title 21, United States Code § 841(a)(1) and 841(b)(1)(A).

2. Count Two:      Possession with intent to distribute 50 grams or more of a substance containing a detectable amount of cocaine base, a Scheduled II controlled substance, in violation of Title 21, United States Code §§ 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code § 2.

3. Count Three:    Possession of firearms, in furtherance of drug trafficking crimes for which he might be prosecuted, in violation of Title 21, United States Code §§ 846 and 841(a)(1).

(Docket No. 8, Exhibit 5).

Petitioner pleaded guilty to Counts Two and Three, and Count One was dismissed *nolle prosequi*. On November 1, 2006, Petitioner was committed to the United States Bureau of Prisons to be imprisoned for a total term of eighty-five months on Count Two and sixty months on Count Three. The sentence for Count Three was ordered to be served consecutively to the sentence in Count Two, for a total of one hundred forty-five months (Docket No. 8, Exhibit 4).

Respondent filed an Opposition to Petitioner's Motion for Writ of Habeas Corpus pursuant to 28 U. S. C. § 2241 (Docket Nos. 1 and 8).

Doc. 11 at 2.

The Magistrate received the case under Local Rule 72.2(b)(2) and recommended denying the writ of habeas corpus.  This Court conducts a *de novo* review of the Magistrate's R & R.  28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## II. Jurisdiction

Claims challenging the execution or manner in which the sentence is served must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). As a general rule, a petitioner should name as a respondent to his or her habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained. *Eghrayyeb v. Bureau of Prisons*, 2008 WL 1840757, 1 (N. D. Ohio 2008) (citing *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)).

The Warden at the Federal Correctional Institution (FCI) Elkton was served on May 12, 2008 (Doc. 6). This Court has jurisdiction over Petitioner's custodian, in this case the warden at FCI Elkton.

## III. Discussion

Prior to the imposition of the federal sentence, Petitioner served 23 months in a state

penal institution. At sentencing, the federal sentencing judge of the U.S. District Court for the Western District of New York stated that he would reduce Petitioner's federal sentence from 168 months to 145 months to take into account the 23 months Petitioner had served in the state penal institution. Doc. 8, Exh. 3, at 11-12. Petitioner objects to the Magistrate's R&R on the ground that he is entitled to have his Good Conduct Time (GCT) calculated on the basis of a 168-month time period (which would include his period of incarceration in state court), and not a 145-month time period.

Credit for GCT is governed by 18 U.S.C. § 3624(b), which states in pertinent part:

[A] prisoner who is serving a term of imprisonment of more than 1 year [,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

Under this statute, the BOP is entrusted with overseeing GCT credits to inmates. *Ross v. Fondren*, 2008 WL 4745671 at *3 (D. Minn. Oct. 29, 2008). The BOP "construes the statute to mean that GCT credit is calculated based upon the actual time a prisoner serves, beginning on the date the federal sentence is imposed." *Id*. Therefore, under the BOP's construction of the statute, Petitioner is only entitled to accrue GCT for the time he has served in federal custody, and not for his previous state sentence.

The weight of authority holds that the BOP's interpretation of 18 U.S.C. § 3624 is valid. The Sixth Circuit has, in a published opinion, rejected the argument that GCT "should be awarded based on the sentence imposed, not time actually served," and upheld the BOP's interpretation of the statute as reasonable. *Perry v. Stine*, 424 F.3d 509 (6th Cir. 2005). In a lengthy and well-

3

reasoned opinion, the Fourth Circuit has also upheld the BOP's practice of calculating GCT on the basis of "time served," and not the "sentence imposed." *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005). Moreover, several habeas courts have upheld the BOP's calculation of GCT in situations virtually identical to the one at bar. See *Crampton v. Thomas*, No. 07-1883, 2009 WL 1974481 (Slip Copy) (D. Or. July 7, 2009),  *Ross v. Fondren*, 2008 WL 4745671 at *3; *Schuschny v. Fisher*, 2008 WL 5381493 (N.D.Fla. Dec. 19, 2008); *Gouch v. Eichenlaub*, 2008 WL 2831250 (E.D.Mich. July 21, 2008); *Hickman v. United States*, 2006 WL 20489 (S.D.N.Y. Jan. 4, 2006).

The Court finds the reasoning of these courts persuasive. The BOP's practice of not awarding GCT for previously-discharged state terms of imprisonment is supported by the text of 18 U.S.C. § 3624(b), which makes the award of GCT "subject to [a] determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." This language makes clear that Congress intended "that prisoners 'earn' credit under the GCT statute by 'display[ing] exemplary compliance with institutional disciplinary regulations' during the year." *Yi*, 412 F.2d 526, 532 (quoting 18 U.S.C. § 3624(b)). It would not accord with Congress's intent that GCT serve an "incentive" function to award it for time served in state custody when the prisoner may have not anticipated any federal prosecution at all. At the very least, then, the BOP's interpretation stands as a reasonable one. See *Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that the BOP's permissible construction of a statute contained in an internal agency guideline "is still entitled to some deference").

In arguing against this authority, Petitioner relies primarily on *Kelly v. Daniels*, 469 F.Supp.2d 903 (D. Or. 2007), where a federal magistrate judge ordered the petitioner's GCT to be calculated on the basis of a 70-month term of imprisonment, instead of an "adjusted" 42-month

4

term, as argued by the respondent. But other habeas courts have rejected similar *Kelly*-based arguments, including a federal district judge in the very district in which *Kelly* was decided. See *Crampton*, 2009 WL 1974481 (Slip Copy) (D. Or. July 7, 2009) at *4 ("this Court respectfully disagrees with [the *Kelly* Court]'s conclusion that GCT credits are available for the period of time Petitioner actually served in state custody"); *Ross*, 2008 WL 4745671 at *3 (finding that "the reasoning in the [*Kelly*] opinion is not persuasive" and "the overwhelming weight of authority takes a position contrary to that of *Kelly*"); *Schuschny*, 2008 WL 5381493 at *3 (distinguishing *Kelly*). An observation made by the *Crampton* Court applies equally well to this case: "it is apparent [that the *Kelly* Court] did not have the benefit of the particular legal arguments advanced by the BOP here and in the cases cited above." *Crampton*, 2009 WL 1974481 (Slip Copy) at *4. In any event, the *Kelly* decision stands as an anomaly, and this Court declines to follow it today.

### V. Conclusion

For the above stated reasons, the findings and recommendations of the Magistrate are adopted. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case, as any appeal would lack substantial merit. Green's petition for writ of habeas corpus is therefore denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

5